RECORD NUMBER: 12-4993

# United States Court of Appeals

### *for the*

# Fourth Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

MARIO JAIME DUARTE,

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT BEAUFORT

# OPENING BRIEF OF APPELLANT

ANDREW R. MACKENZIE
BARRETT-MACKENZIE, LLC
100 Mills Avenue
Greenville, South Carolina 29605
(864) 232-6247

*Counsel for Appellant*

## <u>TABLE OF CONTENTS</u>

Table of Authorities ........................................................................ ii

Jurisdictional Statement ................................................................. 1

Issue Presented For Review ............................................................ 2

Statement of the Case..................................................................... 3

Statement of the Facts .................................................................... 4

Summary of Argument..................................................................... 10

    Argument ...................................................................... 11

    I.  Standard of Review ...................................................... 11

    II.  Right To Trial By Jury .................................................. 12

        A..Legal Authority ............................................... 12

        B.  Discussion.................................................... 15

Conclusion ...................................................................... 24

# TABLE OF AUTHORITIES

**CASE LAW**                                                                 **PAGE**

Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348.................. 13, 18, 22

Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215 ................................. 13

United States v. Arrington, 309 F.3d 40 (D.C. Cir.2002)........................... 23

United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005) .................... 13

United States v. Campbell, 259 F.3d 293 (4th Cir.2001) ........................ 11, 17

United States v. Chapman, 528 F.3d 1215 (9th Cir.2008)........................... 14

United States v. Cotton, 535 U.S. 625 (2002) .............................................. 14

United States v. Gagnon, 553 F.3d 1021 (6th Cir.2009) .............................. 14

United States v. Hazlewood, 526 F.3d 862 (5th Cir.2008).......................... 23

United States v. Hughes, 401 F.3d 540 (4th Cir.2005)................................. 14

United States v. Promise, 255 F.3d 150 (4th Cir.2001)................................ 14

United States v. Ramirez, 233 F.3d 318 (5th Cir.2000) ............................... 14

United States v. Thomas, 669 F.3d 421 (4th Cir.2012) ...........................19-21

United States v. Vallery, 437 F.3d 626 (7th Cir.2006)................................. 14

United States v. Williams, 602 F.3d 313 (5th Cir.2010) .................. 15, 21, 22

**STATUTES**

18 U.S.C. Section 111 .......................................................... passim

18 U.S.C. Section 3231 ................................................................. 1

28 U.S.C. Section 1291 ................................................................. 1

**RULES OF CRIMINAL PROCEDURE**

Rule 52(b), Federal Rules of Criminal Procedure ........................................ 11

**SENTENCING GUIDELINES**

USSG § A2.4 ................................................................................. 6

USSG § 3C1.1 ............................................................................... 7

## <u>JURISDICTIONAL STATEMENT</u>

Under 18 U.S.C. Section 3231, the district courts of the United States have original jurisdiction of all offenses against the laws of the United States. This court has jurisdiction over this appeal under 28 U.S.C. Section 1291 as this appeal is from a final judgment convicting and sentencing Mr. Duarte for an offense against the United States.

## ISSUE PRESENTED FOR REVIEW

Whether the district court committed plain error by increasing Duarte's sentence beyond the statutory maximum sentence of the indicted offense based on facts that were neither alleged in the indictment nor authorized by the jury's verdict, and whether this error affects the fairness, integrity and public reputation of judicial proceedings.

## STATEMENT OF THE CASE

Mario Jaime-Duarte was indicted by a federal grand jury for the District of South Carolina, Beaufort Division, on January 10, 2012. The indictment charged Duarte with a violation of 18 U.S.C Section 111(a) and alleged that he "knowingly did forcibly assault, resist, oppose, impede, intimidate, and interfere with an employee at the Federal Correctional Institute, Estill, South Carolina, while he was engaged in his official duties". The indictment did not allege, pursuant to 18 U.S.C. Section 111(a), that Duarte's acts involved physical contact with the victim of that assault or the intent to commit another felony. JA p. 9. At the time the indictment was filed with the district court, a "Penalty Sheet" was attached to it. The Penalty Sheet stated that the maximum possible penalty Duarte was facing was not more than 8 years in prison. JA p. 10. The Penalty Sheet is sealed by the district court and is not available for public viewing.

The district court held a jury trial in the case on August 22 and 23, 2012 before the Honorable Sol Blatt, Jr. The court heard pre-trial motions in the case on the morning of August 22. At this hearing, Duarte sought the court's permission to introduce the medical records of his condition before and after the date of the alleged assault. His former counsel explained that these records were relevant to his defense on a possible lesser-included offense of assaulting, obstructing or impeding an officer. JA p. 23, ll. 24-25, p. 24, ll. 1-8. The government took the

3

position that the records were not relevant. JA p. 25, ll. 7-14. The government also stated that there was not a lesser-included offense available in the case. JA p. 25, ll. 19 and 25. Duarte countered that there was a lesser-included charge for the jury to consider. His counsel argued that Duarte could be found guilty merely of simple assault without physical contact and that this would be a lesser-included offense of the offense with which he was charged. JA p. 27. The government's attorney argued that a lesser-included offense of simple assault would be defined as the traditional definition of simple assault without any physical contact. He predicted that there would be no testimony of any threats made prior to the physical contact between Duarte and the officer. JA p. 28, ll. 2-7. The court stated that "simple assault is an assault involving an attempt to put another in fear of imminent serious bodily injury by physical menace". JA p. 28, ll. 16-19. The court then stated that it would reserve ruling on the issue until the evidence was received. JA p. 19, ll. 7 and 8. The court later denied the admissibility of the medical records. JA pp. 89-90, p. 177, ll. 2-11 and p. 194, pp. 1-11.

At the opening of the trial, before any evidence was received, the court charged the jury that Duarte was charged with knowingly and forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a federal officer. The court did not charge the jury about anything involving physical contact with the victim of that assault or the intent to commit another felony. JA p. 48, ll. 18-24.

4

The court then received the government's testimony and other evidence with the jury present. The government introduced evidence that the incident did involve physical contact between Duarte and the officer. JA pp. 66-68, 110-112, 125, 134-135, and 137-138.

At the close of the government's case, Duarte moved for an acquittal under Rule 29 of the Federal Rules of Criminal Procedure. The court denied the motion. JA p. 146.

Duarte called an F.B.I. agent to testify, and Duarte testified in his own defense. He called no other witnesses, and the government called no reply witnesses.

After all the evidence was received, the court instructed the jury that, in order to find Duarte guilty, the government must prove that Duarte assaulted, resisted, opposed, impeded, intimidated or interfered with a federal officer. The court also charged that the government must prove some use of force. JA p. 223, ll. 7-24. The court did not charge the jury that the government must prove, pursuant to 18 U.S.C Section 111(a), that the incident involved physical contact with the victim of the assault or the intent to commit another felony.

After they began deliberating, the jury returned a note to the court asking to rehear certain testimony. They asked to rehear 1. one officer's description of when the Defendant threw the first punch, what position the Defendant was in, sitting on

5

the bed vs. standing up, 2. another officer's description of the Defendant standing up, and 3. the Defendant's testimony of punching the first officer. JA pp. 247-248, 257. The testimony was then read back to the jury. JA p. 249.

The jury later returned a verdict of guilty. JA p. 252, ll. 13-15. The verdict form that was given to the jury merely gave the jury the option of finding Duarte guilty or not guilty. The verdict form said nothing, pursuant to 18 U.S.C. 111(a), about whether the acts of the Defendant involved physical contact with the victim of the assault or the intent to commit another felony.

The federal probation office prepared a pre-sentence investigation report on October 11, 2012. The report stated that the maximum penalty Duarte was facing was 8 years imprisonment. JA pp. 299 and 311, par. 60. The report put Duarte's base offense level at 10 pursuant to USSG Section 2A2.4. The report also enhanced the offense level by 3 points because the offense involved physical contact and 2 more points because the victim sustained bodily injury. This resulted in a total offense level of 15. JA p. 309.  Duarte's criminal history category was determined to be VI. This resulted in a guideline imprisonment range of 41 to 51 months. JA p. 311, par. 61.

The probation office issued an addendum to the report on November 19, 2012. The government objected to report because it believed that Duarte should

have received a 2 level enhancement to his sentence for obstruction of justice pursuant to USSG Section 3C1.1. Duarte submitted no objections to the report.

The court held a sentencing hearing on November 27, 2012. The court overruled the government's objection to the report. JA p. 270, ll. 8-9. Duarte again made no objections to the report. The court sentenced Duarte to 41 months in prison to be served consecutively to the sentence he is already serving. JA p. 288, ll. 9-11. The court also stated that the maximum sentence Duarte could have received was 8 years or 96 months in prison. JA p. 290, ll. 8-10.

The court filed its judgment on November 29, 2012. JA p. 293. Duarte timely filed his notice of appeal on December 5, 2012. JA p. 298.

## STATEMENT OF THE FACTS

The Pre-sentence Investigation Report states as follows:

On Thursday November 10, 2011 at approximately 7:25 am, Walter Vincent, an officer with Estill Federal Correctional Institute, was walking towards the special housing unit (SHU) and noticed the last cell window on the upper range was covered with paper. Fifteen minutes later, Vincent reported to the SHU and asked Officer Ballew to walk with him to cell #424, occupied by inmate Mario Jaime-Duarte. Once at the cell, Vincent looked in the cell door window and noticed the rear outside window was covered. Jaime-Duarte's bunk was shielded with blankets, and he (Jaime-Duarte) could not be seen.

Due to Jaime-Duarte not being visible and officers being concerned about his well-being, Officer Ballew unlocked the cell door and Vincent entered the cell. Jaime-Duarte sat up on his bunk and Vincent questioned Jaime-Duarte about what he was doing and asked him (Jaime-Duarte) to stand up. As Jaime-Duarte stood up from his bunk, he (Jaime-Duarte) struck Vincent in the face. Vincent pushed Jaime-Duarte back on the bunk where Jaime-Duarte continued to strike and scratch at Vincent. Officer Ballew entered the cell and assisted Vincent in applying restraints to Jaime-Duarte; once in restraints, Jaime-Duarte was escorted to a holding cell. Officer Vincent sustained nine abrasions to his neck; five on the right side and four on the left side and a contusion just beneath his left eye. Photographs

8

from discovery material verify that both Lt. Vincent and the defendant received contusions and abrasions. Medical reports state that Officer Vincent received minor first aid and x-rays of facial bones. JA p. 302, pargs. 4-4.

## **SUMMARY OF ARGUMENT**

The district court committed plain error by increasing Duarte's sentence beyond the statutory maximum sentence of the indicted offense based on facts that were neither alleged in the indictment nor authorized by the jury's verdict. This error affects the fairness, integrity, and public reputation of judicial proceedings.

## ARGUMENT

## I.  STANDARD OF REVIEW

A plain error that affects substantial rights may be considered even though it was not brought to the court's attention. Rule 52(b), Federal Rules of Criminal Procedure.

Three elements must be established before the court possesses the authority to notice an error not preserved by a timely objection: the asserted defect in the trial proceedings must, in fact, be error; the error must be plain; and it must affect the substantial rights of the defendant. Even if all three elements are present, the court may decline to notice an error if it does not seriously affect the fairness, integrity or public reputation of judicial proceedings. *United States v. Campbell,* 259 F.3d 293, 302 (4th Cir.2001), *citing United States v. Promise,* 255 F.3d 150 (4th Cir.2001).

Sentencing a defendant for a crime for which he was not charged or convicted affects the fairness, integrity and public reputation of judicial proceedings. *Id.*

## II. RIGHT TO TRIAL BY JURY

### A. Legal Authority

18 U.S.C. Section 111 states as follows:

**Assaulting, resisting, or impeding certain officers or employees**

(a) **In general**. –Whoever—

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or

(2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(b) **Enhanced penalty.**—Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by

12

reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more that 20 years, or both.

This statute was amended in 2008. In the undesignated matter following paragraph (2), the amendment struck out "in all other cases" and inserted "where such acts involve physical contact with the victim of that assault or the intent to commit another felony".

If a statute sets out separate punishment clauses which each add further elements to the crime, the punishment clauses constitute separate and distinct criminal offenses, not one offense with different punishments. *Jones v. United States,* 526 U.S. 227, 252 (1999).

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466 at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Relevant inquiry in determining whether a finding is an essential element of an offense which must be decided by a jury beyond a reasonable doubt is not one of form, but of effect, namely, whether the required finding exposes the defendant to a greater punishment than that authorized by a jury's guilty verdict. *Apprendi* at 494.

In *United States v. Booker,* 543 U.S. 220 (2005), the United States Supreme Court held that the Sixth Amendment is violated when a district court, acting

13

pursuant to the sentencing guidelines, imposes a sentence greater than the maximum amount authorized by the facts found by the jury alone. *United States v. Hughes,* 401 F.3d 540, 547 (4th Cir.2005).

It is indisputable that the former version of 18 U.S.C. 111 created three separate crimes whose elements all must be submitted to a jury rather than as a single crime with three separate punishments determined on the basis of sentencing factors submitted to a judge. The three crimes are: (1) "simple assault" (misdemeanor); (2) violations of Section 111 that either involve a deadly or dangerous weapon or result in bodily injury (aggravated felony); or (3) "all other cases" (felony). The other federal courts of appeals who have considered this issue are unanimous on this point. *See e.g., United States v. Vallery,* 437 F.3d 626, 630 (7th Cir.2006); *United States v. Ramirez,* 233 F.3d 318, 321 (5th Cir.2000) (overruled on other grounds by *United States v. Cotton,* 535 U.S. 625 (2002). *United States v. Gagnon,* 553 F.3d 1021 at 1024 (6th Cir.2009).

The amended present version of 18 U.S.C. Section 111(a) creates two distinct offenses, a misdemeanor and a felony. *United States v. Chapman,* 528 F.3d 1215 at 1221 (9th Cir.2008).

Under the amended present version of 18 U.S.C. 111(a), where the fact of physical contact with the officer is neither charged in the indictment nor submitted to the jury, such an indictment charges only misdemeanor assault. The statutory

14

maximum for a misdemeanor offense under Section 111(a) is not more than 12 months imprisonment. *United States v. Williams,* 601 F.3d 313, at 318 (Fifth Cir. 2010).

## B. Discussion

The indictment in this case only charged Duarte with the misdemeanor offense of resisting a federal officer under 18 U.S.C. Section 111(a). The indictment only alleged that Duarte knowingly did forcibly assault, resist, oppose, impede, intimidate, and interfere with a federal officer. The indictment did not allege that Duarte's alleged acts involved physical contact with the officer or that he had the intent to commit another felony. JA p. 9. The above referenced legal authority makes clear that "physical contact" is an offense element that must be alleged in the indictment and proven to the jury beyond a reasonable doubt. Therefore, the indictment in this case did not allege that Duarte violated the felony offense under Section 111(a). This is significant because the misdemeanor offense carries a maximum sentence of one year. The felony offense carries a maximum sentence of 8 years. Duarte was sentenced to 41 months, a term of incarceration which is beyond the maximum sentence for the misdemeanor offense.

The judge's charges to the jury at the beginning and the end of the trial never gave the jury the option of finding Duarte guilty of the felony offense under Section 111(a). At the beginning of the trial, the judge instructed the jury that

15

Duarte was charged with forcibly assaulting, resisting, opposing, impeding, intimidating and interfering with the officer. The circumstances of physical contact or intent to commit another felony were never mentioned. JA p. 48, ll. 18-25; p. 49, ll. 1-3.

At the end of the trial, the judge charged the jury that the government must prove that the defendant assaulted, resisted, opposed, impeded, intimidated or interfered with the officer and that he did so with force. JA p. 223. Again however, the judge never mentioned anything about physical contact or the intent to commit another felony. The jury was not given the option of finding Duarte guilty of the felony offense. JA p. 223, ll. 7-24.

The verdict form submitted to the jury certainly did not give the jury the option of finding Duarte guilty of the felony offense. The verdict simply gave the jury the option of finding Duarte guilty or not guilty without mentioning any of the elements of 18 U.S.C. Section 111(a). JA p. 258.

The jury nevertheless initially had serious questions about the testimony. They asked to rehear much of the testimony of the government's case. It may have been that the jury had questions about the credibility of the government's witnesses. JA pp. 247-249 and 257.

Because the jury was never given the option of finding Duarte guilty of the felony offense under 18 U.S.C. Section 111(a), the above referenced legal

16

authority makes clear that the jury's verdict did not authorize the enhanced felony penalty of 8 years. Duarte's sentence should have been capped at one year.

The pre-sentence investigation report listed Duarte's base offense level at 10 and his criminal history category at VI. JA p. 309 and 307. This would have resulted in a sentencing guidelines range of 24-30 months. Even this range would have exceeded the statutory maximum sentence of the indicted offense which was 12 months. Nevertheless, the report went on to enhance Duarte's sentence under the guidelines because the report found that the offense involved physical contact and bodily injury. JA p. 309. These specific offense characteristics were not found by the jury and were not authorized by the jury's verdict. The resulting guidelines range was 41 to 51 months. JA p. 311. The judge then sentenced Duarte to 41 months based on this guideline calculation. JA p. 294. The resulting sentence was over three times greater than the statutory maximum of the indicted charge.

This honorable court was confronted with a similar issue in the case of *United States v. Campbell,* 259 F.3d 293 (4th Cir.2001). That case involved the interpretation of the terms "bodily injury" and "use of a deadly weapon" in 18 U.S.C. Section 111(b). The court held that those terms constitute offense elements. *Campbell* at 294. The verdict form in that case gave the jury the option of finding the defendant not guilty of assault, guilty of assault with a dangerous weapon, or guilty of assault without a dangerous weapon. The jury found the defendant guilty

17

of assault but not guilty of assault with a dangerous weapon. Nevertheless, the district court determined that bodily injury and use of a dangerous weapon were merely sentencing factors rather than elements of a separate crime that must be charged in the indictment. This resulted in an increase of the statutory maximum sentence to 10 years rather than 3 years. *Ibid* at 295-296. The Fourth Circuit, citing *Apprendi,* found that the infliction of bodily injury or use of a dangerous weapon are offense elements because they increase the statutory maximum penalty. The court stated that in order to expose a defendant to the 10 year increased statutory maximum penalty, the government must charge and prove beyond a reasonable doubt at least one of the two additional elements. *Ibid* at 298-299.

The Fourth Circuit further found that the district court's imposition of the 10 year increased sentence for offense elements that were neither charged nor proven beyond a reasonable doubt constituted plain error. The error was plain, and it affected the defendant's substantial rights because it exposed him to a sentence over three times greater than the crime of which he was convicted. The court exercised its discretion to correct the error. The court stated that, regardless of any issues pertaining to pre-trial notice to the defendant of the increased sentence or the strength of the government's case, the error must be corrected. "Sentencing a man for a crime for which he was neither charged nor convicted affects the fairness, integrity and public reputation of judicial proceedings." *Ibid* at 302. The Fourth

18

circuit vacated the defendant's sentence and remanded the case for resentencing to a sentence not exceeding the statutory maximum of the indicted offense. *Ibid* at 303.

The Fourth Circuit again confronted a similar case to this one in *United States v. Thomas,* 669 F.3d 421 (4th Cir. 2012). In that case the defendant initially threatened to kill an officer, and he later pushed her with both hands and punched her in the face. The government obtained an indictment against Thomas for two counts of assault under 18 U.S.C. Section 111(a) and (b). Each count alleged a violation of subsections (a) and (b). The counts in the indictment also made specific factual allegations against Thomas. Count One alleged that Thomas threatened to kill the officer, and Count Two alleged that Thomas struck her. Thomas waived his right to jury trial, and the district court held a bench trial. *Thomas* at 423. At the conclusion of the trial, the district court made specific findings as to Thomas's conduct pursuant to the two counts of indictment. As to the first count, the district court found that Thomas was guilty of threatening to kill the officer with the intent to commit another felony (the ensuing physical assault) in violation of Section 111(a), but not guilty of inflicting bodily injury under Section 111(b). On Count Two, the district court found that Thomas did inflict bodily injury on the officer and therefore violated Sections 111(a) and (b). The court found that Thomas lied during the trial and imposed a two level obstruction

19

of justice enhancement to his sentence under the sentencing guidelines. The court then sentenced Thomas to 96 months and 108 months to run concurrently. *Ibid* at 424-425.

Thomas did not challenge the sentence in district court. He appealed asserting plain error. He claimed that Count One failed to allege an intent to commit another felony as required under Section 111(a) and Count Two failed to allege infliction of bodily injury as required under Section 111(b). The government conceded that these errors were plain, but denied that they seriously affected the fairness, integrity, or public reputation of judicial proceedings. The Fourth Circuit agreed with the government and affirmed the judgment of the district court. *Ibid* at 425.

However, the Fourth Circuit affirmed the judgment in *Thomas* for reasons that distinguish it from the instant case. First, the indictment in *Thomas,* although defective, made specific factual allegations against the defendant. Count One alleged that Thomas "threaten [ed] to kill" the officer. Count Two alleged that Thomas actually "struck her". *Thomas* at 423. The indictment in the instant case made no such specific allegations against Duarte. Duarte's indictment merely tracked the language of a portion of the statute without mentioning physical contact or any other factual allegation. JA p. 9. The indictment in *Thomas* was defective, but it was not as defective as the indictment in the instant case.

20

Second, the district court in *Thomas* found Thomas's testimony to be highly incredible to the point of enhancing his sentence for obstruction of justice. In so finding, the district court made specific factual findings as to Thomas's conduct including the threats he made, his physical attack of the officer, and the bodily injury he caused. The Fourth Circuit found that these specific findings satisfied the elements missing from the indictment. *Thomas* at 425.

The jury in Duarte's trial made no such specific factual findings. The jury was not even given the option of making any such findings. The jury was only asked to determine if Duarte was guilty or not guilty of the misdemeanor charge of assaulting an officer without any reference to physical contact. The district court in the instant case also denied the government's objection at sentencing seeking a similar obstruction of justice enhancement. JA p. 270.

The Fifth Circuit confronted a case directly on point with the instant case in *United States v. Williams,* 602 F.3d 313 (5th Cir.2010). Williams was charged with assaulting two federal officers. The incident involved physical contact with the two victims of the assault. Williams struck one victim in the face and struck the other victim in the jaw. The government obtained a two-count indictment charging Williams with violating 18 U.S.C. Section 111(a). However, the indictment made no reference to physical contact between Williams and the officers. Williams was found guilty on both counts. The pre-sentence report said the maximum sentence

21

she was facing was 8 years. *Williams* at 314. The report also gave Williams a 3 level enhancement because her conduct involved physical contact with the officers. The district court sentenced Williams to 21 months in prison. *Ibid* at 315. Williams did not challenge her sentence in district court. She appealed her sentence asserting plain error and claiming that she was only convicted of the misdemeanor offense under Section 111(a). The government conceded that the sentence was plain error under *Apprendi,* but denied that it affected her substantial rights. *Ibid* at 318. The Fifth Circuit found that, because there was a reasonable probability that her sentence would have been different absent the error, her substantial rights were prejudiced. The erroneous sentence exceeded the statutory maximum by nine months. Such a sentence seriously affects the fairness, integrity or public reputation of judicial proceedings. The court agreed that the sentence was plain error and exercised its discretion to grant relief. *Ibid* at 319. The Fifth Circuit vacated her sentence and remanded the case for resentencing. *Ibid* at 320.

In the *Williams* trial, as in Duarte's trial, the government offered evidence of physical contact between the defendant and the officer. Nevertheless, this was a fact that was neither pled in the indictment nor found by the jury beyond a reasonable doubt. *Williams* at 314. The Fifth Circuit vacated the sentence in spite of any such evidence. The court found that Williams' substantial rights were prejudiced.

It is not enough that Duarte's indictment alleged that Duarte acted with force. The use of the word "forcibly" in Section 111(a)(1) does not connote that physical contact occurred during the alleged assault; the term "forcibly" modifies all of the acts rendered unlawful by Section 111(a)(1). *United States v. Arrington,* 309 F.3d 40, 44 (D.C. Cir.2002), *United States v. Hazlewood,* 526 F.3d 862 at 865 (5th Cir.2008).

## <u>CONCLUSION</u>

The district court committed plain error by increasing Duarte's sentence beyond the statutory maximum sentence of the indicted offense based on facts that were neither alleged in the indictment nor authorized by the jury's verdict. This error is plain on the record of the case. The error affected Duarte's substantial rights because it resulted in a prison sentence over three times longer than the sentence for the crime of which he was convicted. Duarte respectfully requests that the court notice the error. The error affects the fairness, integrity and public reputation of judicial proceedings because Duarte was sentenced for a crime for which he was not charged or convicted. Duarte's sentence should be vacated, and the case should be remanded to district court for resentencing to a term of imprisonment of no longer than one year. Duarte also respectfully requests that this case be set for oral argument.

Respectfully submitted,


<u>s/Andrew Mackenzie</u>
Attorney ID# 6142
Barrett-Mackenzie, LLC
Attorney for Appellant
100 Mills Ave.
Greenville, SC 29605
864-232-6247


April 19, 2013
Greenville, South Carolina

24

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. _____          Caption: _____

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.      This brief complies with the  type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

> [ ]      this brief contains _____ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

> [ ]      this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

> [ ]      this brief has been prepared in a proportionally spaced typeface using _____ [*state name and version of word processing program*] in _____ [*state font size and name of the type style*]; *or*

> [ ]      this brief has been prepared in a monospaced typeface using _____ [*state name and version of word processing program*] with _____ [*state number of characters per inch and name of type style*].

(s)_____

Attorney for_____

Dated:_____

Rev. 03/03/11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2013, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF System, which will

send notice of such filing to the following registered CM/ECF users:

> Robert Nicholas Bianchi
> OFFICE OF THE UNITED STATES ATTORNEY
> 151 Meeting Street
> P. O. Box 978
> Charleston, SC 29402-0000
> (843) 727-4381

*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664

Filing and service were performed by direction of counsel